## Sewell T. Taylor *v.* James Huey 3d et al.

The defendant purchased the land in controversy, at a public sale provoked by him to enforce a mortgage, in his favor, resting on it. The plaintiff, claiming the land by a deed from the mortgagor, which was executed subsequent to the mortgage, but anterior to the public sale to defendant, yet not registered until afterwards, instituted a petitory action and sought to rescind the sale to defendant for various alleged defects and vices.

*Held:* That it is doubtful, under the facts of the case, whether plaintiff can inquire into the regularity or good faith of the proceedings under which defendant acquired title   The mortgagor was the proper party to attack the order of seizure and sale by a direct action, and that conceding plaintiff could impeach defendants title, he had not laid a foundation for doing so in his petition, having alledged no tender to defendant of the mortgage debt which burdened the land, and which was only discharged by the sale, which he sought to treat as a nullity.

APPEAL from the District Court of the parish of Jackson, *Richardson*, J. *Garrett, Ludeling* and *Thompson*, for plaintiff and appellant. *McGuire & Ray*, for defendants.

Spofford, J. Article 595 of the Code of Practice provides, that "if the appellant wishes to withdraw his appeal *before he has cited the appellee*, he may be allowed to do so, on motion to the lower court; and in such case, he may renew his appeal within the time herein above allowed."

It is admitted, that the appellee was not cited under the first order of appeal. And as the statement of facts is silent upon that point, we will presume that the appellant obtained leave from the lower court to withdraw his first appeal. In such case, he had a right to renew his appeal, and the motion to dismiss is overruled.

Upon the merits, we find this to be a petitory action for a tract of land, in which the plaintiff, anticipating the probable defence, attacks the title of the defendants, and seeks to rescind the same for various alleged defects and vices. The defendant *Huey*, pleaded a general denial.

Both parties claim under one *Fountain ;* the plaintiff by a deed passed in New Orleans, on the 29th of August, 1846, but not recorded in the parish of Jackson until the 3d of May, 1847, and the defendant *Huey*, under a Sheriff's deed recorded in Jackson, on the 18th of February, 1847, when it seems he

was without any notice of the plaintiff's title. The basis of the Sheriff's deed to *Huey* was an adjudication made on the 2d of January, 1847, under an order of seizure and sale issued upon an act of mortgage which had been executed by *Fountain* to *Huey*, on the 9th of December, 1845, and duly recorded on the 2d of November, 1846. And the plaintiff alleges that the land when seized was in the possession of *Fountain*. The seizure took place on the 10th November, 1846.

*Huey*, then, has the first recorded title, and without notice of any conveyance to *Taylor*. He has a title, moreover, derived from the party in possession, under a sale made to satisfy a mortgage in his own favor, executed by the owner *Fountain*, before he had made any conveyance to any person.

It is doubtful, under the facts of this case, whether *Taylor* can inquire into the regularity or good faith of the proceeding under which *Huey* acquired his title. *Fountain* was the proper party to attack the order of seizure and sale by a direct action.

But conceding that *Taylor* could be heard to impeach the title of *Huey* thus acquired, he has not laid a foundation for doing so, by the allegations of his petition. He has made no tender to the defendant of the mortgage debt which burdened the land, and was only discharged by the sale he seeks to treat as a nullity.

It is unnecessary to notice other points in the case.

Judgment affirmed.